Colin P. King (1815)
cking@dkolaw.com
Peter W. Summerill (8282)
psummerill@dkolaw.com
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN
36 South State Street, Suite 2400
Salt Lake City, Utah  84111
Telephone:  (801) 533-0400
$10,000,000.00

*Attorneys for Petitioner*

_____

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| DEREK WASSON,<br><br>   Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, and BALAMURALI KRISHNA AMBATI M.D., an individual,<br><br>   Defendants. | **COMPLAINT** |

  Plaintiff, by and through his counsel of record, hereby complains against Defendants and allege as follows:

## PARTIES

1. Plaintiff Derek Wasson ("Derek") is a resident of Montana.

2. At all relevant times, Balamurali Krishna Ambati, M.D., was a physician licensed in the State of Utah, provided health care and related services to Derek Wasson, either directly or by overseeing and/or being responsible for other health care providers, including but not limited to, other physicians, nurses, physician's assistants, technicians, therapists, and others, had a health care provider/patient relationship with Derek Wasson, and owed him a duty of reasonable care.

3. At all relevant times, the United States Department of Veteran Affairs ("VA"), which is a division of the United States of America ("United States"), through its employees, agents, and representatives, provided health care and related services to Derek Wasson, had a health care provider/patient relationship with him, and owed him a duty of reasonable care.  Upon information and belief, Plaintiff alleges that Dr. Ambati was an employee, agent, or representative of the United States Department of Veteran Affairs ("VA"), and/or that the United State Department of Veteran Affairs is liable for the acts and omissions of Dr. Ambati.

4. At all relevant times, VA and its employees were acting within the scope of their office or employment.  Therefore the United States Department of Veteran Affairs is a proper party pursuant to the Federal Tort Claim Act.

5. At all relevant times, Defendant Dr. Balamurali Krishna Ambati, was a physician licensed under the law of Utah and was an agent and/or employee of VA.

**JURISDICTION AND VENUE**

6. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein and further allege as follows:

7. This Court has jurisdiction over the subject matter of this action and over the person named herein pursuant to 28 U.S.C. § 1346(b), 2402, 2675(a).

8. The Plaintiff complied with the Federal Tort Claims Act.

9. The Plaintiff properly served a Notice of Claim on the United States Department of Veteran Affairs for damage, injury or death on April 19, 2016, seeking damages arising out of VA and its employees' negligent conduct.

10. On May 8, 2017, VA provided a written denial of Plaintiff's claims. Plaintiff files this action pursuant to the Federal Tort Claims Act to recover money damages arising from personal injury caused by negligent acts and/or omissions of physicians, medical personnel, and/or employees acting within the scope and course of their employment at the VA.

11. The amount in controversy exceeds $75,000 exclusive of interest and costs and there is complete diversity of citizenship.

**GENERAL ALLEGATIONS**

12. Derek Wasson was at the time a 34 year old male, who on January 20, 2016, presented to Dr. Ambati, at Moran Eye Center for treatment of Keratoconus in his right eye and complaints of decreased vision.

13. On or about January 21, 2016, Dr. Ambati performed anterior lamellar keratoplasty, intra stromal corneal ring segment placement, right eye and Rose Bengal cross linking right eye.

14. On or about March 18, 2016, Derek was evaluated by Dr. Mark Mifflin. A corneal topography exam and thorough evaluation was performed. The results revealed severe keratoconus right eye, very poor vision, unable to use contact lens, irregular surface and severe thinning. These results indicated that penetrating keratoplasty was the next appropriate treatment option to try and restore a reasonable ocular surface.

15. On or about April 12, 2016, Derek was again evaluated by Dr. Mifflin to evaluate his vision. Derek was noted to have unstable keratoconus in his right eye and very poor vision.

16. On or about April 13, 2016, Dr. Mark Mifflin performed penetrating keratoplasty on Derek's right eye and removal of the previously implanted material, anterior segment of the right eye.

17. Derek was evaluated post-operatively on April 14 and April 18, 2016, by Dr. Mifflin.

18. Derek has required additional evaluations, exams, and procedures, up to the present by Dr. Mifflin and other VA physicians for removal of stitches and assessment of his eye.

19. Because of the harm caused by Defendants' acts and omissions, Mr. Wasson now has impaired vision in his right eye. Mr. Wasson experiences the symptoms of vision loss, impairment, and the effects of treatment for it. He has suffered permanent physical injuries; past and future economic and non-economic injuries and damages.

**FIRST CAUSE OF ACTION**

20. Plaintiff incorporates by reference the foregoing allegations as if fully stated herein and further alleges as follows:

21. Plaintiff alleges that Defendants, individually or through employees, agents, or representatives for whom they are responsible, were negligent and failed to use that degree of learning, care, and skill that was to have been used in the same or similar circumstances by reasonably prudent practitioners in the same field. The negligence and breaches of the standards of care by Defendants include, but are not limited to, the following, and as a result caused the harms, losses and injuries described above:

 a. Failure to properly inform Mr. Wasson of the experimental nature of Rose Bengal crosslinking;

 b. Failure to consult with and advise Mr. Wasson about the risks associated with Rose Bengal crosslinking;

 c. Failure to obtain proper consent for a procedure, Rose Bengal crosslinking, which was not FDA approved at that time;

 d. Failure otherwise to comply with the applicable standards of care in evaluating, diagnosing, treating and/or referring Mr. Wasson for treatment in the circumstances of his presentation and history;

 e. Negligent and inappropriate operative conduct and procedures; and

 f. Failure otherwise to properly monitor, respond to, and/or obtain appropriate and timely intervention for Mr. Wasson's condition and needs.

22. The negligence and breaches of the applicable standards of care by one or more Defendant caused Mr. Wasson to suffer significant and devastating permanent injuries, including

but not limited to, vision impairment, physical pain and suffering, discomfort, emotional pain and suffering, and loss of enjoyment of life.

23. In addition, as a result of the substandard care by Defendants as described herein, Mr. Wasson has been subjected to additional surgeries, treatments, and will be required to receive multiple drug therapies and other treatments. Mr. Wasson has suffered significant past and future economic harm, including but not limited to interference with his employment and related earnings and benefits; the costs of past, present and ongoing medical care and services; supplies, medications, and equipment; impaired future earnings capacity; and other economic and special damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief as follows:

24. For economic damages in amounts to be determined at trial;

25. For non-economic damages in amounts to be determined at trial;

26. For costs, expenses and attorney's fees associated with this proceeding to the extent allowed by law;

27. For pre- and post-judgment interest to the extent allowed by law; and

28. For such other relief as this Court deems just and proper under the circumstances.

Dated this 16th day of August, 2017.

/s/ Colin P. King
COLIN P. KING
PETER W. SUMMERILL
Dewsnup King Olsen Worel Havas Mortensen
Attorneys For Plaintiff

Plaintiff's Address:
Derek Wasson
c/o Colin P. King
Dewsnup King Olsen Worel Havas Mortensen
36 South State Street, Suite 2400
Salt Lake City, UT 84111-0024